# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | Cause No. 25-cr-03360 MLG |
| | § | |
| SHELTON ATOLE, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT'S OPPOSED MOTION TO RECONSIDER THE DETENTION ORDER (DOC. 16)

Defendant, through undersigned counsel, hereby respectfully moves this Honorable Court to reconsider the detention order, (Doc. 16), and modify Mr. Atole's conditions of release to allow him to either reside at home or authorize him for release to a halfway house. As grounds in support of this Motion, Mr. Atole offers the following information:

1.      On August 26,2025, Mr. Atole was Indicted for allegedly violating 18 U.S.C. §§ 1153 and 113(a)(7). (Doc. 2).

2.      As the Pretrial Services Report, (Doc. 11), at the time of the Detention Hearing, accurately reflected that Mr. Atole had an active warrant out of Colorado. That case, on information and belief, has been dismissed. **(Defendant's Exhibit A).**

3.      The defense believes that GPS monitoring in conjunction with a stay away order will adequately address any concerns that Mr. Atole may pose a danger to the

community generally or any specific person within that community. GPS monitoring, in the defense's view, will address dangerousness and flight risk. First, GPS monitoring with stay away zones will allow the Pretrial Supervision Officer to easily determine if there is any potential violation and whether a violation occurred. By imposing stay away zones with accompanying conditions about leaving any public place where Jane Doe may be outside those zones will adequately address any dangerousness concerns. Next, is that GPS monitoring will, to some degree, prevent flight, as the Court will have a means of tracking Mr. Atole's movements whilst wearing the monitor. Should any attempt be made to remove the monitor, on information and belief, the device will quickly inform the Pretrial Services Officer of that issue thus reducing any "head start" any fleeing detainee might have by removing the device.

4.      Mr. Atole has remained in custody at Cibola County Detention Center since the detention order was entered.

5.      Mr. Atole would like the Court to authorize him to reside at home, with his mother and family, where he has lived for most of his life.

6.      Mr. Atole's Pretrial Supervision Officer, Anthony Galaz, has been contacted and opposes Mr. Atole's release at this time.

7.      Assistant United States Attorney Michael Pahl is opposed to Mr. Atole's release.

## CONCLUSION

For those reasons, Mr. Atole through counsel, respectfully moves this honorable Court to reconsider its detention order.

Respectfully Submitted,

**FEDERAL PUBLIC DEFENDER**
111 Lomas Blvd. NW, Suite 501
Albuquerque, NM 87102
T: (505) 346-2489
F: (505) 346-2494
Martin_Juarez@fd.org

**/s/ *Electronically filed November 6, 2025***
MARTÍN JUÁREZ
Assistant Federal Public Defender
Attorney for Mr. Atole