# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

      Plaintiff,

v.                            No. 25-CR-3360 MLG

SHELTON ATOLE

      Defendant.

## SUPPLEMENTAL BRIEF IN SUPPORT OF MOTION TO DISMISS INDICTMENT AND DISQUALIFY UNITED STATES ATTORNEY

"The United States Attorneys' offices are some of the most critical agencies in the Federal Government." *United States v. Giraud,* No. 25-2635, 2025 WL 3439752, at \*1 (3d Cir. Dec. 1, 2025). Tasked with prosecuting federal crimes in their districts, "they play an important role in the criminal and civil justice systems and are vital in keeping our communities safe." *Id. As* the leader of the office, the U.S. Attorney must be appointed by the president and confirmed by the Senate (the PAS process). 28 U.S.C. § 541(a); *see also, United States v. Trump*, 740 F.Supp.3d 1245, 1264 (noting that 28 U.S.C. § 541 "directs the President, in mandatory terms, to 'appoint, by and with the advice and consent of the Senate, a United States attorney for each judicial district'[.]"). Given the immense constitutional responsibility exercised by the U.S. Attorney,

1

reflected by the constitutional requirement that the individual serving in the role be nominated by the president and confirmed by the Senate, the U.S. Attorney's power cannot be siphoned off to other attorneys in the office.

**Question Presented:**

Are there duties, authorities, and powers that a duly appointed United States Attorney under 28 U.S.C. § 541 has that a First Assistant would not also have? (Hearing on November 14, 2025, Tr. 130:10-12).

**Discussion:**

By statute, the U.S. Attorney assists in carrying out the constitutional obligations of the executive branch. 28 U.S.C. § 541. "First Assistant" is simply a label to identify the person that automatically becomes the "Acting" officer under the FVRA. 28 C.F.R § 0.137(b). While a First Assistant may shoulder certain responsibilities based on office-specific policies or practices, the title "First Assistant" confers no duties, authorities, or powers in and of itself.

The Attorney General can delegate "any function of the Attorney General." 28 U.S.C. § 510. But the Attorney General cannot delegate the full panoply of a U.S. Attorney's responsibilities to the First Assistant. *See Giraud*, at *9 (the Government's "de facto U.S. Attorney by delegation theory is plainly prohibited by the FVRA's exclusivity provision").

**I. The duties and responsibilities of the United States Attorney cannot be wholly delegated to another attorney in the office, First Assistant or otherwise.**

    **A.    The delegation of duties is not a means of bypassing the PAS process.**

The U.S. Attorney has certain non-delegable duties that cannot belong to the First Assistant or any Assistant U.S. Attorney. The Government cannot claim there are "no exclusive functions of the office of U.S. Attorney that cannot be delegated" to avoid the mandatory appointment and confirmation process. *Giraud*, at \*9. The Government's theory that there are no exclusive duties of the U.S. Attorney – *i.e.*, every duty of the U.S. Attorney may be delegated to the First Assistant (or another) – "would create a means for the Department of Justice to circumvent the FVRA's exclusivity provision, effectively permitting anyone to fill the U.S. Attorney role indefinitely." *Id.* At 11. The Third Circuit soundly rejected such a result.

    **B.    Non-Delegable U.S. Attorney Duties**

"United States Attorneys get their authority directly from Congress, not by delegation from the Attorney General." *Thomas v. I.N.S.*, 35 F.3d 1332, 1338 (9th Cir. 1994), *as amended on denial of reh'g* (Nov. 23, 1994). Nonetheless, the Attorney General has broad authority to conduct and supervise litigation and to assign discrete matters to subordinates. *See* 28 U.S.C. §§ 509, 510, 515. But even with this authority, certain matters

cannot be assigned to anyone outside the Attorney General's Office except to the U.S. Attorney.

Before 2016, a regulation allowed each U.S. Attorney to designate any Assistant United States Attorney (AUSA) in their office to perform the functions and duties of the U.S. Attorney. *See* 28 C.F.R. § 0.136 (prior version 28 C.F.R. § 0.131). Courts relied on this regulation to uphold certifications of federal juvenile jurisdiction, grants of use immunity, and certifications for interlocutory appeal. *United States v. Angelo D.*, 88 F.3d 856, 859 (10th Cir. 1996) (juvenile certification); *In re Grand Jury Proc.*, 554 F.2d 712, 713 (5th Cir. 1977); *United States v. Wallace*, 213 F.3d 1216, 1218 (9th Cir. 2000), *as amended* (July 7, 2000) (interlocutory certification). All are actions that must be performed by the U.S. Attorney (or an individual in the Attorney General's office) and cannot be performed by a FAUSA or AUSA because such actions "must be neither casual nor routine, but should be carefully considered." *Impounded*, 117 F.3d 730, 740 (3d Cir. 1997).

Interpreting that regulation, courts ruled that a specific delegation under 28 C.F.R. § 0.131 allowed any AUSA to perform such actions. Judge McKeown of the Ninth Circuit expressed concern about this expansive use of 28 C.F.R. § 0.131, noting it was "intended to be quite limited." *United States v. Juv. Male (Kenneth C.)*, 241 F.3d 684, 689 (9th Cir. 2001). "Under the majority's broad language" she warned such decisions "could be

4

delegated to virtually any attorney in the U.S. Attorney's office, for virtually any reason. … Surely this is inconsistent with the purpose of [requiring a U.S. Attorney to personally act]." *Id.*

Echoing the idea that 28 C.F.R. § 0.131 was not a means of general delegation, the Attorney General eliminated the regulation in 2016. *See* 81 FR 72692-02. The regulation was "inconsistent with the [FVRA], insofar as it authorizes each USA to designate any AUSA in the office to perform the functions and duties of the USA office and use the title of Acting USA." *Id.* This underscores that the duties of the U.S. Attorney cannot be delegated to avoid the FVRA's express instructions.

In addition to holding the power and prestige of a PAS position, the U.S. Attorney has certain specific functions that are not delegable to a First Assistant U.S. Attorney. These include:

## 1. Certification in Juvenile Cases Under 18 U.S.C. § 5032

The prosecution of juvenile cases in Federal Court is subject to stringent certification procedure requirements to "guarantee careful scrutiny of each juvenile delinquency case brought in federal court, and to reduce the number of such cases prosecuted." *United States v. Juvenile Male (Kenneth C.)*, 241 F.3d 684, 686 (9th Cir. 2001); *see also United States v. Sechrist*, 640 F.2d 81, 84 (7th Cir. 1981) (The certification procedure in 18 U.S.C. § 5032 "encompasses a recognition of a general policy of federal abstention."). Defendants acknowledge the Attorney General may delegate

her authority to certify a juvenile case under § 5032. Under 28 C.F.R. § 0.57, "[t]he Assistant Attorney General in charge of the Criminal Division and his Deputy Assistant Attorneys General are each authorized to exercise the power and authority vested in the Attorney General by sections 5032 and 5036 of title 18, United States Code, relating to criminal proceedings against juveniles." Section 0.57 also allows redelegation to "United States Attorneys and to the Chief of the Section within the Criminal Division which supervises the implementation of the Juvenile Justice and Delinquency Prevention." Even a validly serving First Assistant may not sign a certification under § 5032. And courts have uniformly recognized this. *See United States v. Male Juvenile*, 148 F.3d 468 (5th Cir. 1998); *United States v. Doe*, 98 F.3d 459, 461 (9th Cir. 1996); *United States v. Doe*, 49 F.3d 859, 866 (2d Cir. 1995); *United States v. C.G.*, 736 F.2d 1474, 1477 (11th Cir. 1984); *United States v. Parker*, 622 F.2d 298, 307 (8th Cir. 1980).

## 2. Immunity in Court and Grand Jury Proceedings Under 18 U.S.C. § 6003

Within the U.S. Attorney's office, the U.S. Attorney alone can request orders of immunity. Under 18 U.S.C. § 6003, "A United States attorney may, with the approval of the Attorney General, the Deputy Attorney General, the Associate Attorney General, or any designated Assistant Attorney General or Deputy Assistant Attorney General, request an order under subsection (a) of this section" when the U.S. Attorney

determines the testimony "may be necessary to the public interest" and the individual has refused "to testify or provide other information on the basis of [the] privilege against self-incrimination." *See also United States v. Serrano*, 406 F.3d 1208, 1217 (10th Cir. 2005) ("In short, the United States attorney and his superiors have the sole power to apply for immunity[.]"). Even a validly serving First Assistant may not request an order for immunity under § 6003.

**3. Bankruptcy Investigations Under 18 U.S.C. § 3057**

Section 3057 requires any judge, receiver, or trustee with reasonable grounds for believing a chapter 9 offense has occurred to report the information to the U.S. Attorney. Section 3057 further requires the U.S. Attorney to "inquire into the facts and report thereon to the judge, and if it appears probable that any such offense has been committed, shall without delay, present the matter to the grand jury, unless upon inquiry and examination he decides that the ends of public justice do not require investigation or prosecution, in which case he shall report the facts to the Attorney General for his direction." The plain terms of the statute assign this duty to the U.S. Attorney alone. This reflects a policy determination that, as the leader of the office, the U.S. Attorney can best assess the resources available, the broader implications of such an investigation or prosecution, and an understanding of how that fits into the office's policy

priorities. Even a validly serving First Assistant is not the official vested with responsibility under § 3057 because of this.

## 4. Disclosing Tax Returns for Use in Criminal Cases Under 26 U.S.C. § 6103(i)(1)(B)

Section 6103(i)(1)(B) allows a U.S. Attorney and the Deputy Attorney General, the Associate Attorney General, any Assistant Attorney General, any U.S. Attorney, any special prosecutor appointed under section 593 of title 28, United States Code, or any attorney in charge of a criminal division organized crime strike force established under section 510 of title 28, United States Code, to apply for an order to disclose tax returns and tax information for use in criminal investigations. As such, even a validly serving First Assistant is not the official vested with the authority to request an order under § 6103(i)(1)(B).

## 5. Procedures With Respect to Appeals Generally (Justice Manual 2-2.111 and 2.2112)

The Department of Justice's Justice Manual "sets forth internal Department of Justice (DOJ) policies and procedures." 1-1.00. Title 2 addresses the U.S. Attorney's responsibilities when a government appeal is contemplated. Title 2-2.110 directs the U.S. Attorney to "immediately transmit electronically a copy [an adverse decision against the government] to the appellate section of the division responsible for the case." Title 2-2.111 further requires the U.S. Attorney to "as soon as reasonably practical make a report electronically to the appellate section of

the appropriate division after consulting with that division on the time needed to produce that report." And Title 2-2.112 states the appropriate appellate division of the Attorney General's office "should immediately be advised by email in every case in which the United States Attorney believes that the government should seek certification for such an interlocutory appeal or in which the district court has stated in its order that a controlling question of law is involved."

While the Justice Manual "provides internal DOJ guidance [and] it is not intended to, does not, and may not be relied upon to create any rights, substantive or procedural, enforceable at law by any party in any matter, civil or criminal" these internal policies highlight the authority of the U.S. Attorney to speak for the office on the consequential matter of whether the Solicitor General should approve an interlocutory appeal. 1-1.200; *see* 2-2.112 ("No request to certify an interlocutory appeal should be made in the district court without prior authorization from the Office of the Solicitor General.").

## 6. Eligibility to Serve as a Member of the Attorney General's Advisory Committee of U.S. Attorneys Under 28 CFR § 0.10

The Attorney General's Advisory Committee of U.S. Attorneys makes recommendations to the Attorney General, Deputy Attorney General and Associate Attorney General regarding matters in the best interests of justice such as:

    **(1)** Establishing and modifying policies and procedures of the Department;

    **(2)** Improving management, particularly with respect to the relationships between the Department and the U.S. Attorneys;

    **(3)** Cooperating with State Attorneys General and other State and local officials for the purpose of improving the quality of justice in the United States;

    **(4)** Promoting greater consistency in the application of legal standards throughout the Nation and at the various levels of government; and

    **(5)** Aiding the Attorney General, the Deputy Attorney General and the Associate Attorney General in formulating new programs for improvement of the criminal justice system at all levels, including proposals relating to legislation and court rules.

28 CFR § 0.10(b).

The Committee "shall consist of an appropriate number of United States Attorneys, designated by the Attorney General." 28 CFR § 0.10(a). Limiting Committee membership to only "United States Attorney[s]" underscores the prestigious and exclusive nature of an individual lawfully enshrined in the position. Even an "acting" U.S. Attorney or First Assistant serving in an office with no one above them, is ineligible for service on this Committee.

**Conclusion:**

Mr. Ellison's apparent appointment as First Assistant does not confer any special duties, authorities, or powers outside the District of New Mexico's internal policies. It does not authorize him, under any

articulation of the pertinent authority, to act as the U.S. Attorney. Only if

a new Senate-confirmed U.S. Attorney assumes and then vacates the

office, does his elevation to First Assistant have any broader implications.

*See* 5 U.S.C. § 3345(a)(1).  He cannot now become the de facto acting U.S.

Attorney just because he was given a post-hoc title of First Assistant. *Cf.*

*id.*


                              Respectfully submitted,

                              FEDERAL PUBLIC DEFENDER
                              111 Lomas Blvd., NW, Suite 501
                              Albuquerque, NM 87102
                              (505) 346-2489
                              (505) 346-2494 Fax
                              Margaret_katze@fd.org


                               /s/ *filed electronically on 12/5/25*
                              MARGARET A. KATZE, FPD
                              Attorney for Shelton Atole

11